**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff(s), | ) | 2:99-CR-00480-RLH-RJJ |
| vs. | ) | |
| | ) | **ORDER** |
| MICHAEL ANTHONY CLEMONS, | ) | |
| | ) | (Motion for Reimbursement - #399) |
| Defendant(s). | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

Before the Court is Defendant Clemons' Motion for Reimbursement from the United States Marshals for Lost Property (#399). The Government has filed a Response (#401). The Defendant is anxious for the Court to rule on his motion.

Clemons claims that at his initial appearance on the Petition for violations of supervised release, he was wearing his prescription glasses, but that after his return to the Nevada Southern Detention Facility (NSDF) the glasses were not with his personal property. He demands that the Marshal pay for a new prescription and new glasses. Based upon the information contained in the Motion, the Court declines to enforce Defendant Clemons' demand for the following reasons:

1. Clemons' Motion admits that the glasses could have been lost while they were in the custody of either the Marshal or the NSDF, but never actually asserts that the glasses were in the custody of either. There is absolutely no evidence that the glasses were ever in the custody of the Marshal, much less that their loss was the result of the

Marshal's actions. Furthermore, there is not even an allegation that Clemons himself did not lose the glasses or leave them in Court, was not otherwise responsible for their disappearance. There is no allegation that they were taken from him after the initial appearance, or by whom, or when, or why. The Marshal is not response for replacing the glasses if they were lost or misplaced by the NSDF. And if the NSDF is responsible, there is no evidence that he has made a claim against NSDF or what the results of that claim were.

  2. The United States Marshal does not keep personal property, it goes with the person to the detention facility.

  3. The Court only has Clemons' claim that the glasses were prescription, rather than glasses purchased at a drug store. If they were prescription, who issued the prescription and when, and has there been any effort to obtain a copy of the prescription?

  4. The Court is without authority to order the U.S. Marshal to reimburse Defendant Clemons for the cost of a new eye exam and prescription and new glasses when there is no evidence that the Marshal is responsible for the alleged loss.

  IT IS THEREFORE ORDERED that Defendant Clemons' Motion for Reimbursement from the United States Marshals for Lost Property (#399) is denied, without prejudice.

  Dated: September 28, 2011.

_____
**Roger L. Hunt**
**United States District Judge**

R